**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **AMANDA U. AJULUCHUKU,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0311-K |
| | ) | ECF |
| **METRO ATLANTA AUTHORITY,** | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil action filed by a pro se litigant for personal injuries and discrimination based upon her disability and national origin.

Parties: Plaintiff presently resides in Irving, Texas. Defendant is Metro Atlanta Transit Authority in Atlanta, Georgia. The Court did not issue process, pending preliminary screening.

Statement of Fact: The complaint alleges that in October and November 2005, Defendant's bus drivers discriminated against her by failing to pick her up on three separate occasions in Atlanta, Georgia.

Findings and Conclusions: 28 U.S.C. § 1391(b), which governs venue of a federal cause of action, provides in pertinent part as follows:

>   (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The events giving rise to this cause of action occurred in Atlanta, Georgia, where Defendant is located.  None of the events took place in the Northern District of Texas.  Because Plaintiff's claims arise out of events that occurred in Atlanta, Georgia, venue is not proper in the Northern District of Texas.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a).  Section 1406(a) provides as follows:

>   The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice.  See Caldwell v. Palmetto State Savings Bank of South Carolina, 811 F.2d 916, 919 (5th Cir.1987).

In the present case, Plaintiff complains of acts or omissions which defendant allegedly engaged in October and November 2005.  Therefore, she is at no risk of having any claims being subject to a limitations defense.  Moreover, Plaintiff is well aware of the venue provisions and filing requirements having filed more than one hundred cases in federal courts nationwide in the last several years.  It appears Plaintiff is seeking to bypass the temporary order filed on October 13, 2005, in the United States District Court for the Northern District of Georgia barring her

from filing any new case, unless accompanied by the full statutory filing fee.  See Ajuluchuku v. Southern New England School of Law, 1:05mi0251 (N.D. Ga.); see also 1:05mi0252 through 1:05mi0264 .  On November 14, 2005, the magistrate judge assigned to the above cases recommended that a permanent sanction be imposed on Plaintiff in light of her abusive and vexatious litigation history.  Id.  Under such circumstances, this Court recommends that the complaint in this case be dismissed without prejudice.

RECOMMENDATION:

For the forgoing reasons, it is recommended that the District Court dismiss Plaintiff's complaint without prejudice.  See 28 U.S.C. § 1406(a).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 3rd day of March, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.